UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. WALSH, III,<br><br>                     Plaintiff,<br><br>         v.<br><br>MJ JUDGE JOSEPH F. SAPORITO, JR. et al.,<br><br>                     Defendants. | CIVIL ACTION NO. 3:16-CV-01422<br><br>(KOSIK, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

Presently before the Court is yet another civil action filed by *pro se* litigant, John Walsh, III, appearing *in forma pauperis*.[1] Having carefully reviewed the allegations contained within the complaint, and it appearing that this action is patently frivolous, it is respectfully recommended that Plaintiff's complaint (Doc. 1) be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**I.   BACKGROUND**

The above-captioned action was commenced by the filing of a complaint in this matter on July 8, 2016 by *pro se* Plaintiff John Walsh, III. (Doc. 1). In this, Walsh's latest foray into federal court, Walsh seeks to recover damages in the amount of $50,000.00 against United States Magistrate Judge Joseph F. Saporito, Jr., and United States District Judge Caputo, for what he deems to be a violation of Title II of the Americans with Disabilities Act arising out of these federal judges' conduct while presiding over a currently pending civil rights action initiated by Walsh.

---

[1] As a note, Walsh is a frequent yet unsuccessful *pro se* litigator, having filed, by this Court's calculation, upwards of twenty-five actions in this District alone.

Indeed, from what can be gleaned from this vague and obscure pleading through which Walsh vents his latest frustrations, it appears that Walsh challenges Judge Saporito's denial of his request for appointment of *pro bono* counsel to represent him in *John R. Walsh, III v. John Kuthkowski*, CIV. A. NO. 3:16-cv-01148 (M.D. Pa. June 15, 2016)—a case involving a run-of-the-mill landlord-tenant dispute that resulted in Walsh's eviction. Characteristic of Walsh's recent filings, this complaint is riddled with random theological observations, disjointed references to Walsh's communications with both federal and state judges in this District, colorful threats directed at the named Defendants, and excerpts of lyrics from Paul McCartney and the Grateful Dead.

This matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915(e)(2) to screen the complaint and dismiss it if it fails to state a claim upon which relief can be granted.

**II.  SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an action brought *in forma pauperis* if it is "frivolous." *See* 28 U.S.C. § 1915(e)(2)(B)(i). Under this statute, an *in forma pauperis* action may be dismissed *sua sponte* for frivolousness "at any time," before or after service of process. *See* 28 U.S.C. § 1915(e)(2); *Walker v. Sec. Office of SCI Coal Twp.*, Civil No. 3:CV-08-1573, 2010 WL 1177338, at *4 (M.D. Pa. Mar. 25, 2010).

An action is "frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Thomas v. Barker*, 371 F. Supp. 2d 636, 639 (M.D. Pa. 2005). To determine whether it is frivolous, a court must assess a complaint "from an objective standpoint in order to determine whether the claim is based on an indisputably meritless legal theory or clearly baseless factual contention." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)); *Thomas*, 371 F.

Supp. 2d at 639. Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *See Denton*, 504 U.S. at 32–33. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. A district court is further permitted, in its sound discretion, to dismiss a claim "if it determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch*, 67 F.3d at 1089.

**III. DISCUSSION**

Having reviewed the complaint, the Court can discern no legal basis for a non-frivolous federal claim within this Court's jurisdiction.[2]

It is well settled that "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). "Like other forms of official immunity, judicial immunity is immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[S]o long as (1) the judge's actions are taken in his judicial capacity (determined by the nature of the acts themselves) and (2) the judge has some semblance of jurisdiction over the acts, he will have immunity for them." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 660 (E.D. Pa. 2014) (citing *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768–69 (3d Cir.

---

[2] Furthermore, this action rests upon clearly baseless factual contentions. *See Denton*, 504 U.S. at 32–33. The complaint is replete with "fanciful," "fantastic," and "delusional" assertions devoid of any apparent meaning. *See, e.g.,* (Doc. 1, at 3 ("You were told you, you would not know the hour or the day, your hour is upon you, the N.W.O. is melting away, the Vatican personnel will be in jail by this time next year, In 1987 the Hopi Harmonic Convergence opened up window of worldwide changing which is well under way and Stan goes his sabbatical for 1000 years, which is God's time is 10,000, your dead fruit on the vine and need of pruning, so it was written, so shall it be done, thought you might want to know, so you can begin to make arrangements.")).

2000)); *see also Mireles*, 502 U.S. at 11–12. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)). "This immunity applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles*, 502 U.S. at 12 (quoting *Bradley*, 80 U.S. (13 Wall.) at 347).

With these well-established legal benchmarks guiding the Court's analysis, it is clear that this complaint is subject to dismissal, as it is beyond cavil that these Defendants are entitled to absolute judicial immunity. Indeed, the allegations contained in the complaint *exclusively* concern judicial acts taken by Judge Saparito, and by implication, Judge Caputo, in the exercise of their inherent discretion over pretrial management matters in a federal civil action to which Walsh is a party. That Walsh merely disagrees with the outcome of an order denying his request for the appointment of pro bono to represent him does not divest these federal judges of their entitlement to immunity. *See Mireles*, 502 U.S. at 12–13; *Gallas*, 211 F.3d at 768–69; *Mikhail*, 991 F. Supp. 2d at 660. Thus, under these circumstances, Walsh's claim for damages must be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as these Defendants are plainly entitled to judicial immunity. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (noting that claims against defendants who were clearly immune from suit are "based on

an indisputably meritless legal theory"); *Ball*, 445 F. App'x at 458 (dismissing appeal as frivolous based on judicial immunity).[3]

Consequently, given that dismissal of the complaint is appropriate due to the claims therein lacking an arguable basis in law, Walsh should not be afforded the privilege of filing a curative amendment, as the above-captioned Defendants are plainly shielded from liability under the doctrine of absolute judicial immunity. Indeed, while the Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), here, permitting Walsh leave to file an amended complaint would prove futile. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). Accordingly, dismissal without further leave to file an amended complaint is recommended.

### IV. RECOMMENDATION

Accordingly, based upon the foregoing, it is respectfully recommended that:

1. Plaintiff's complaint (Doc. 1) be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

2. Leave to file an amended pleading be **DENIED** as futile, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002), and;

3. The Clerk be directed to **CLOSE** this case.

**BY THE COURT:**

**Dated: July 21, 2016**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

---

[3] Moreover, it bears reminder that there is no constitutional right to counsel in a civil case where the indigent civil litigant's physical liberty is not at stake, as is the case here. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981); *see also Turner v. Rogers*, 564 U.S. 431, 442–43 (2011) (noting that an indigent civil litigant has a constitutional "right to appointed counsel only when, if he loses, he may be deprived of his physical liberty").

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. WALSH, III, <br><br> Plaintiff, <br><br> v. <br><br> MJ JUDGE JOSEPH F. SAPORITO, JR. et al., <br><br> Defendants. | CIVIL ACTION NO. 3:16-CV-01422 <br><br> (KOSIK, J.) <br> (MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 21, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: July 21, 2016**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**